UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------X
                                                                        :
ANDR'E DIGGS,                                                           :
                                                                        :      11 Civ. 6382 (PAE)
                                        Plaintiff,                      :
                                                                        :      OPINION & ORDER
                -v-                                                     :
                                                                        :
SERGEANT MARIKAH, SERGEANT BEHRENS,                                     :
LIEUTENANT VOLPE, and LIEUTENANT BYRON,                                 :
                                                                        :
                                        Defendants.                     :
------------------------------------------------------------------------X

PAUL A. ENGELMAYER, District Judge:

Plaintiff *pro se* Andr'e Diggs moves, pursuant to Rules 15(a) and 21 of the Federal Rules of Civil Procedure, for leave to file an amended complaint joining Sheriff James F. Kralik as a defendant and asserting new causes of action under the Fifth, Eighth, and Fourteenth Amendments. Because these amendments to the Complaint would all be futile, the Court denies Diggs's motion.

I.      **Background and Procedural History**[1]

Diggs is an inmate at the Rockland County Correctional Facility. On August 30, 2011, Diggs filed a Complaint against Sergeant Loni Mirakaj, Sergeant James Behrens, Lieutenant Anthony Volpe, and Lieutenant John Byron (collectively, "defendants").[2] Pursuant to 42 U.S.C.

---

[1] For the purpose of resolving the motion for leave to amend, the Court assumes all facts pled in the plaintiff's Amended Complaint to be true. Dkt. 37 ("Am. Compl."). In addition to the parties' submissions, the Court relies on the Declaration of Rebecca Baldwin Mantello ("Mantello Decl."), and attached exhibits. Dkt. 38.

[2] Plaintiff's proposed Amended Complaint does not provide the first name of any defendant except for Kralik. The full names, as provided by defendants in their motion to dismiss, are included here.

§ 1983, Diggs alleged violations of his First, Eighth, and Fourteenth Amendment rights, claiming that while he was detained at Rockland County Correctional Facility, the defendants deprived him of his right to freely exercise his religion and violated the Eighth Amendment by prohibiting him from attending weekly congregate religious services. *See* Dkt. 2 ("Compl.").

On January 18, 2012, defendants moved to dismiss the Complaint pursuant to Federal Rule of Civil Procedure 12(b)(6). Dkt. 15–19. On March 20, 2012, the Court granted that motion in part, and denied it in part. Dkt. 27 ("March 2012 Opinion"). The Court dismissed Diggs's Eighth Amendment claim in full, and dismissed the First Amendment claim as to Marikaj and Behrens. Thus, only Byron and Volpe remain as defendants in the case. Diggs now moves for permission to file an amended complaint joining Rockland County Sheriff James F. Kralik as a defendant and asserting new causes of action under the Fifth, Eighth, and Fourteenth Amendments. Dkt. 37 ("Am. Compl.").

The Court assumes familiarity with the facts set out in its March 2012 Opinion. In brief, on April 8, 2011, Diggs was strip-searched after a Friday congregate Muslim religious service at the prison. In their motion to dismiss, defendants explain that they were seeking, and found, an envelope containing marijuana, which they believed Diggs had been given by another inmate. *See* Dkt. 18 (Defs.' Mem. of Law in Supp. of Mot. to Dismiss) at 1. On April 11, 2011, a disciplinary hearing was held, at which a civilian hearing board ("CHB") found Diggs guilty of two violations of the Inmate Rules and Procedures. The disciplinary board imposed sanctions including, *inter alia*, administrative lock-in for 120 days and loss of commissary for 60 days. Volpe thereupon instituted these sanctions. Diggs did not appeal the disciplinary sanctions. As a result of the lock-in sanction, Diggs was not permitted to attend weekly Friday congregate

services between April 8, 2011, and August 7, 2011. During that time period, in lieu of congregate services, Diggs attended private religious services with a volunteer imam.

On June 18, 2011, Diggs filed a formal grievance, requesting that he be permitted to attend weekly congregate religious services, which was denied. Diggs appealed the grievance decision to the Chief Administration Officer. On June 24, 2011, Byron, acting as Chief Administration Officer, upheld the June 19 denial of the grievance. Diggs appealed the decision of the Chief Administration Officer to the Citizen's [*sic*] Policy and Complaint Review Council. The Council voted to deny the grievance and sustained the sanctions imposed by the CHB.

## II.     Applicable Legal Standard

Rules 15 and 21 together supply the legal standard applicable to a motion to add a party. Under Rule 15(a)(1), a party may amend its complaint once as a matter of course 21 days after serving it or 21 days after a responsive pleading. Where, as here, a plaintiff has foregone his one "matter of course" amendment, "a party may amend its pleading only with the opposing party's written consent or the court's leave." Fed. R. Civ. P. 15(a)(2). "The court should freely give leave when justice so requires." *Id.*

"'[I]t is within the sound discretion of the district court to grant or deny leave to amend.'" *Barbata v. Latamie*, No. 11 Civ. 7381 (DLC), 2012 WL 1986981, at *2 (S.D.N.Y. June 4, 2012) (quoting *Green v. Mattingly*, 585 F.3d 97, 104 (2d Cir. 2009)). The Supreme Court has directed courts to grant leave to amend under Rule 15 in the absence of factors "such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment, etc." *Foman v. Davis*, 371 U.S. 178, 182 (1962); *see also*

*Santiago v. Pressley*, No. 10 Civ. 4797 (PAE), 2011 WL 6748386, at *5 (S.D.N.Y. Dec. 23, 2011) (citing *McCarthy v. Dun & Bradstreet Corp.*, 482 F.3d 184, 200–01 (2d Cir. 2007)).

Where the proposed amendment seeks to add parties, Rule 21 governs. It provides that "[o]n motion or on its own, the court may at any time, on just terms, add or drop a party." Fed. R. Civ. P. 21. Although Rule 21 on its face might appear to countenance amendments not authorized by Rule 15, the case law dictates that, in determining whether the terms are "just" under Rule 21, courts should "apply 'the same standard of liberality afforded to motions to amend pleadings under Rule 15.'" *Bridgeport Music, Inc. v. Universal Music Grp., Inc.*, 248 F.R.D. 408, 412 (S.D.N.Y. 2008) (quoting *Soler v. G & U, Inc.*, 86 F.R.D. 524, 528 (S.D.N.Y. 1980)).

As relevant here, "futility" under Rule 15 turns on whether a proposed pleading would be able to withstand a dispositive pretrial motion. *Touchtunes Music Corp. v. Rowe Intern. Corp.*, 847 F. Supp. 2d 606, 621 (S.D.N.Y. 2012) (citing *Kemin Foods, L.C. v. Pigmentos Vegetales Del Centro S.A. de C.V.*, 464 F.3d 1339, 1354–55 (Fed. Cir. 2006)). Put differently, a proposed amendment is futile if the amended pleading fails to state a claim upon which relief could be granted, and would thus not survive a motion to dismiss.

### III. Discussion

In his proposed amended complaint, Diggs alleges two new causes of action: that (1) defendants violated the Fourteenth Amendment by "depriv[ing] him of liberty without due process, in that the 'Notification of Infraction Step II' failed to identify" what contraband Diggs was accused of possessing or passing, and where and when the misconduct took place, Am. Compl. ¶¶ 20–21; and (2) "the penalty of 120 days of administrative segregation and 60 days of loss of commissary and the denial of participation in Al-Jumu'ah [Friday prayer] Services was in

violation of [the] Fifth and Eighth Amendments to the United States Constitution," *Id.* ¶ 23–24. He also seeks to add Kralik as a defendant. *Id.* at ¶¶ 9–10. In support of his motion to amend, Diggs states that the relevant "facts and legal claims came into plaintiff's possession and knowledge after the filing of the complaint." Diggs Aff. ¶ 2.

In opposing the motion, defendants contend that allowing Diggs to amend his complaint would be futile, because the Amended Complaint fails (1) to allege personal involvement by Kralik; (2) to state a claim for a Eighth or Fifth Amendment violation; (3) to allege exhaustion of his administrative remedies as to his Fourteenth Amendment claim; and (4) to state a claim for a Fourteenth Amendment violation. Def. Br. 1.

### A.     Personal Involvement of Kralik

In seeking to add Kralik as a defendant, Diggs alleges that Kralik was "at all times relevant to the allegations contained in the original complaint duly elected as the Sheriff of Rockland County, and was acting within the nature and scope of the defendant's official duties." Am. Compl. ¶ 9. Diggs further alleges that Kralik, "as a member of the Rockland County Sheriff's Department acted under color of state law, regulations, customs, and policies." *Id.* ¶ 10.

In this Circuit, "personal involvement of defendants in alleged constitutional deprivations is a prerequisite to an award of damages under § 1983." *In re Murphy*, 482 F. App'x 624, 627 (2d Cir. 2012) (quoting *Wright v. Smith*, 21 F.3d 496, 501 (2d Cir. 1994)). However, neither Diggs's Amended Complaint nor his original Complaint mentions any actions taken by Kralik. Diggs merely alleges that Kralik is Sheriff of Rockland County. Am. Compl. ¶¶ 9–10. The only

5

other place in which Kralik's name appears is on the letterhead of the Rockland County Office of the Sheriff, appended to the original complaint.  Compl. Ex. A, at 20.³

Some level of actual, personal involvement must be alleged; there is no *respondeat superior* liability for section 1983 claims.  *See Monell v. Department of Soc. Serv.*, 436 U.S. 658, 694 n.58 (1978).  Indeed, even if Diggs alleged that Kralik was aware of Diggs's grievances because they had been forwarded up the chain of command to him—which he has not—that would still be insufficient to impute personal involvement.  *See Voorhees v. Goord*, No. 05 Civ. 1407 (KMW)(HBP), 2006 WL 1888638, at *5 (S.D.N.Y. Feb. 24, 2006) (collecting cases).

Accordingly, even taking Diggs's Amended Complaint as true, it is devoid of any suggestion that Kralik was aware of, or promoted, any of the violations alleged by Diggs, or that he had somehow acquiesced to such conduct by others.  The claim that Diggs proposes to add against Kralik is therefore futile.

### B.   Eighth Amendment Claims

In his proposed third cause of action, Diggs brings a claim under the Eighth Amendment, alleging that his 120 days of administrative segregation, 60 days of loss of commissary, and exclusion from weekly congregate religious services constituted cruel and unusual punishment.

The Eighth Amendment protects prisoners from "cruel and unusual punishment" in the form of "unnecessary and wanton infliction of pain" caused by prison officials and conduct that offends "evolving standards of decency."  *See, e.g.*, *Hudson v. McMillan*, 503 U.S. 1, 5, 8 (1992); *Wilson v. Seiter*, 501 U.S. 294, 297, 308 (1991).  "To establish an Eighth Amendment violation, an inmate must show: '(1) a deprivation that is objectively, sufficiently serious that he was denied the minimal civilized measure of life's necessities[;] and (2) a sufficiently culpable

---

³ Because there are no page numbers to the Complaint's exhibits, the Court's reference to page numbers refers to the ECF page number of the document.

state of mind on the part of the defendant official, such as deliberate indifference to inmate health or safety.'" *Jabbar v. Fischer*, 683 F.3d 54, 57 (2d Cir. 2012) (quoting *Gaston v. Coughlin*, 249 F.3d 156, 164 (2d Cir. 2001) (alteration in original)).

In its March 2012 Opinion, the Court dismissed Diggs's claim that the deprivation of his right to attend congregate services violated the Eighth Amendment, on the basis that it did not approach the high threshold of a deprivation of the "minimal civilized measure of life's necessities." March 2012 Opinion 7–8. To the extent that the third cause of action in the proposed Amended Complaint restates this same claim, it is futile.

As to Diggs's claims that the 120 days of administrative segregation and 60 days of loss of commissary in and of themselves were violations of the Eighth Amendment, these too must fail. "Courts have consistently and repeatedly held that segregated confinement in special housing units, keeplock confinement, and the like, does not ordinarily violate the Eighth Amendment. . . . In the absence of facts suggesting extremely harsh and unusual conditions of confinement, a period of segregated confinement will not give rise to an Eighth Amendment claim." *Santos v. City of New York DOC*, No. 10 Civ. 3159 (JPO)(HBP), 2012 WL 554463, at *6 n.3 (S.D.N.Y. Jan. 19, 2012) *report & recommendation adopted sub nom. Santos v. City of New York*, No. 10 Civ. 3159 (JPO), 2012 WL 565987 (S.D.N.Y. Feb. 21, 2012); *see also Jackson v. Johnson*, 15 F. Supp. 2d 341, 363 (S.D.N.Y. 1998) (noting that "[t]he mere placement in keeplock for 99 days is not sufficiently egregious to constitute cruel and unusual punishment under the Eighth Amendment" and collecting cases); *Coleman v. Galgano*, No. 95 Civ. 5835 (SAS), 1996 WL 715533, at *2 (S.D.N.Y. Dec. 11, 1996) ("It is well settled in the Second Circuit that these conditions of confinement [including 180 days in keep lock and 180 days of loss of recreation] do not violate the Eighth Amendment."). The same is true for loss of

7

commissary privileges.  *See Roseboro v. Gillespie*, 791 F. Supp. 2d 353, 381–82 (S.D.N.Y. 2011) (collecting cases).

Diggs does not allege, let alone specify, how the 120-day administrative segregation or the 60-day loss of commissary privileges deprived him of "the minimal civilized measure of life's necessities," or that defendants acted with "deliberate indifference" to his health and safety. His Eighth Amendment claim is thus futile, and must be dismissed in its entirety.

C.  **Due Process Claims**

Diggs also proposes to allege violations of his due process rights.  First, he alleges that defendants "deprived him of liberty without due process, in that the 'Notification of Infraction Step II' failed to identify" what contraband Diggs was accused of possessing or passing, and where and when the misconduct took place.  Am. Compl. ¶¶ 20–21.  Second, Diggs alleges that his administrative segregation and loss of commissary privileges violated the Fifth Amendment. Am. Compl. ¶ 23.

Strictly speaking, the Fifth Amendment does not apply here, because Diggs's due process claims are against state, not federal, actors, and the detention is in state prison.  Nor does Diggs raise any other cognizable claim under the Fifth Amendment.  The Court will therefore construe the Amended Complaint to allege a claim based instead on the Due Process Clause of the Fourteenth Amendment, which applies to the states.  *See Bussey v. Phillips*, 419 F. Supp. 2d 569, 586 (S.D.N.Y. 2006) (citing *Dusenbery v. United States*, 534 U.S. 161, 167 (2002)).

As to both of these claims, defendants claim that Diggs failed to exhaust his administrative remedies by seeking administrative appeal of the disciplinary determination.  Def. Br. 8–9.

### 1. Exhaustion

The Prison Litigation Reform Act ("PLRA") requires an inmate to exhaust all available administrative remedies before bringing a federal civil rights action.  *See* 42 U.S.C. § 1997e(a). "This requirement applies to all inmate suits about prison life, whether they involve general circumstances or particular episodes, and regardless of the subject matter of the claim." *Simmons v. Bezio*, No. 11-cv-753, 2012 WL 3054127, at *2 (N.D.N.Y. June 21, 2012) (citing *Giano v. Goord*, 380 F.3d 670, 675–76 (2d Cir. 2004)) (additional citations omitted).  Inmates must exhaust their administrative remedies even if they are seeking only money damages not available in prison administrative proceedings.  *Giano*, 380 F.3d at 675.  Under the PLRA, "'[n]o action shall be brought with respect to prison conditions under section 1983 . . . by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted.'" *Dennis v. Westchester Cnty. Jail Corr. Dep't*, No. 11–1452–cv, 2012 WL 2125837, at *1 (2d Cir. 2012) (summary order) (quoting 42 U.S.C. § 1997e(a)).  This language from the PLRA is, in fact, recited verbatim in the seven-page form on which the Complaint in this case was filed.  *See* Compl. ¶ IV.

Failure to exhaust is an affirmative defense. *Jones v. Bock*, 549 U.S. 199, 216 (2007); *Johnson v. Testman*, 380 F.3d 691, 695 (2d Cir. 2004), *overruled on other grounds by Woodford v. Ngo*, 548 U.S. 81 (2006).  It must be raised by a defendant, and it is the defendant's burden to prove that the plaintiff failed to meet the exhaustion requirements.  *See, e.g.*, *Key v. Toussaint*, 660 F. Supp. 2d 518, 523 (S.D.N.Y. 2009) (citations omitted).  The prison's requirements, and not the PLRA, "define the boundaries of proper exhaustion." *Espinal v. Goord*, 558 F.3d 119, 124 (2d Cir. 2009).  The Second Circuit has identified a number of circumstances under which administrative exhaustion is not mandatory. This occurs when:

> (1) administrative remedies are not available to the prisoner; (2) defendants have either waived the defense of failure to exhaust or acted in such a way as to estop them from raising the defense; or (3) special circumstances, such as reasonable misunderstanding of the grievance procedure, justify the prisoner's failure to comply with the exhaustion requirement.

*Ruggiero v. Cnty. of Orange*, 467 F.3d 170, 175 (2d Cir. 2006).

"Courts must construe the exhaustion requirement strictly because '[a] prisoner who does not want to participate in the prison grievance system will have little incentive to comply with the system's procedural rules unless noncompliance carries a sanction' and '[t]he benefits of exhaustion can be realized only if the prison grievance system is given a fair opportunity to consider the grievance.'" *Petrucelli v. Hasty*, 605 F. Supp. 2d 410, 419 (E.D.N.Y. 2009) (quoting *Woodford v. Ngo*, 548 U.S. 81, 95 (2006)).  Thus, partial exhaustion of administrative remedies is not sufficient, even if prison officials have actual notice of a claim.  *See Macias v. Zenk*, 495 F.3d 37, 43 (2d Cir. 2007) (overruling *Braham v. Clancy*, 425 F.3d 177, 183 (2d Cir. 2005)).

Here, Diggs states that he "was not informed, nor given any type of appeal procedures, in which he could appeal the termination of the Disciplinary Committee determination."  Am. Compl. ¶ 18.  He further alleges that "the Rockland County Sheriff's Department Rules and Regulations for the operation of the Rockland County Jail, 'Part XX: Disciplinary Procedures' do not provide inmates at the Rockland County Jail with any appeal procedures of disciplinary hearing determinations."  *Id.*

Diggs is incorrect that the rule and regulations do not provide a procedure for appeals. Part XX, § 6(e)[4] of the Inmate Rules and Regulations states that "[a]ny adverse decision or penalty imposed may be appealed in writing to the Chief of Corrections within 2 (two)-business

---

[4] There are, confusingly, two sections of the regulations headed "Part XX."  *Compare* Montello Decl. Ex. C, at 10, *with id.* at 11.

[*sic*] days, who will respond in writing to such appeal within 5 business days."  Montello Decl. Ex. C., at 12.  Although this single reference to the appeals process is fleeting and appended to the ends of a paragraph about the hearing board's decision-making process, it is sufficient, because Diggs acknowledges that he had a copy of the Inmate Rules and Regulations.  Am. Compl. ¶ 18.  Even if Diggs had not possessed a copy of the rules and regulations—which he has not alleged—his failure to exhaust would not be excused.  *See Ruggiero*, 467 F.3d at 178.

It is further clear that Diggs had additional notice of the appeals process.  The form titled "Disciplinary Lock as a Result of Hearing Board Decision," appended to his original complaint, stated at the bottom:  "See inmate rules and regulations for appeal process."  Compl. Ex. A, at 23.[5]  Because Diggs had notice of the appeals procedure and he does not point to any "affirmative act by prison officials that would have prevented him from pursuing administrative remedies," his failure to exhaust his remedies by appealing the disciplinary determination is not excused.  *Ruggiero*, 467 F.3d at 178.

Where, as here, non-exhaustion is clear from the face of the complaint, a claim should be dismissed under Rule 12(b)(6).  *See McCoy v. Goord*, 255 F. Supp. 2d 233, 251 (S.D.N.Y. 2003).  For the same reason, the Court denies Diggs's motion to amend his complaint without reaching the merits of the proposed due process claims, because it is clear from the face of the Amended Complaint that they are unexhausted.

---

[5] Another reference to the right to appeal is in Lieutenant Byron's memorandum in response to Diggs's subsequent grievance:  "CHB decisions may be appealed to the Chief of Corrections in writing within two business days."  Compl. Ex. at 20.  However, this decision on the grievance was issued in June 2011, more than two months after the decision of the CHB.  It therefore did not provide Diggs with notice of the appeals procedure.

## CONCLUSION

For the foregoing reasons, Diggs's motion for leave to amend its complaint to add Kralik as a defendant and to add claims is DENIED. The denial of the Fourteenth Amendment due process claims, however, is without prejudice to re-filing after all available administrative remedies have been exhausted pursuant to 42 U.S.C. § 1997e(a). The Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that any appeal from this Order would not be taken in good faith, and therefore *in forma pauperis* status is denied for the purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444–45 (1962). The Clerk of Court is directed to terminate the motion pending at docket number 37.

SO ORDERED.

*[signature: Paul A. Engelmayer]*

Paul A. Engelmayer
United States District Judge

Dated: January 22, 2013
       New York, New York